UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED - GR**

December 18, 2025 2:00 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW   SCANNED BY: JV / 12-18

UNITED STATES OF AMERICA and
STATE of MICHIGAN *ex rel.*
MARYANNE KOWALSKI,

        Plaintiffs,

v.

MGH FAMILY HEALTH CENTER
d/b/a MUSKEGON FAMILY CARE,

        Defendant.

_____/

Case No. 1:25-cv-1272

Hon. Jane M. Beckering
U.S. District Judge

**FILED *EX PARTE* AND
UNDER SEAL**

## THE UNITED STATES OF AMERICA'S AND THE STATE OF MICHIGAN'S FIRST *EX PARTE* APPLICATION FOR AN EXTENSION OF TIME TO CONSIDER ELECTION TO INTERVENE

Pursuant to Fed. R. Civ. P. 6, the United States of America and the State of Michigan (the "Government Plaintiffs") respectfully petition the Court for an *ex parte* order under the False Claims Act, 31 U.S.C. § 3730(b)(3), and the Michigan Medicaid False Claims Act, MICH. COMP. LAWS § 400.610a(3), for an extension of time, to and including June 19, 2026, in which to notify the Court of their decisions regarding intervention in the above-captioned *qui tam* action, during which time the Complaint and other related filings shall remain under seal. This is the Government Plaintiffs' first extension request. Counsel for the Relator consents to this request.

As more fully explained in the accompanying memorandum, good cause exists to extend the investigative period in this action.[1] Under 31 U.S.C. § 3730(b)(2), the United States has sixty days from service of a relator's complaint and written disclosure of material evidence in which to elect whether to intervene in a *qui tam* action. Under MICH. COMP. LAWS § 400.610a(3), the State of Michigan has ninety days from service of a relator's complaint and related materials to decide whether to intervene in a *qui tam* action. In the present case, the Relator completed service of the initial Complaint on both the United States and the State of Michigan on October 22, 2025. Unless an extension of time is granted, the United States and the State of Michigan would be required to elect whether to intervene by December 21, 2025 and January 20, 2026, respectively.

The Government Plaintiffs have been diligently investigating this matter but need additional time to complete their investigation. An extension of time will enable the Government Plaintiffs to make an informed decision about whether to intervene in this action pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(4), and the Michigan Medicaid False Claims Act, MICH. COMP. LAWS § 400.610a(3). Relator concurs in this request.

---

[1] The Government Plaintiffs are not serving the Relator with the Memorandum due to its sensitive and privileged nature. The False Claims Act expressly permits the United States to file "affidavits or other submissions in camera" in support of requests for extensions of time. 31 U.S.C. § 3730(b)(3).

Accordingly, the Government Plaintiffs respectfully request that they be granted an additional time, until and including June 19, 2026, to continue their investigation, during which time Relator's Complaint and other related pleadings will remain under seal. A proposed order accompanies this application.

Dated: December 18, 2025

Respectfully submitted,

TIMOTHY VERHEY
United States Attorney

WHITNEY SCHNURR
Assistant United States Attorney
U.S. Attorney's Office
Western District of Michigan
330 Ionia Ave, Suite 501
Grand Rapids, MI 49503
Tel: (616) 456-2404
E-mail: Whitney.Schnurr@usdoj.gov

DANA NESSEL
Michigan Attorney General

(on behalf of w/ permission)

TIMOTHY ERICKSON
First Assistant Attorney General
Health Care Fraud Division
Michigan Department of Attorney General
P.O. Box 30218
Lansing, MI 48909
Tel: (517) 241-6500
E-mail: EricksonT@michigan.gov

3